UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                )
Jack Gindi                            )      Chapter 11
                                      )      Case No. 09-24436 MER
                                      )
_____

**RESPONSE TO OBJECTION TO
CONVERSION TO CHAPTER 7 CASE**

Jack Gindi ("Debtor"), by his undersigned counsel, responds to the Objection to Conversion as follows, and requests the Court re-instate the Order of Conversion:

1.   Local Rule 1017-1 makes it clear that the Debtor has an absolute right upon notice to a conversion of a case if: (1) The Debtor is a debtor-in-possession; (2) The Debtor's case has not previously been converted, and (3) was not commenced as an involuntary case.  *See U.S.C. §1112(a).*

2.   In order to "address the issues raised by Marrama v. Citizens Bank of Massachusetts (In re Marrama, 127 S.Ct. 1105 (2007))," the Order entered above may be the subject matter of a motion for reconsideration:
   Local Rule 1017-1:
   (d) Reconsideration: Any party in interest may file a motion to reconsider the conversion of the case within the time specified by FED.R.BANKR. P. 9023 and 9024.

3.   Thus, the electronic filing system has a conversion by Notice/Motion feature which invokes the above process. If the fee is paid, the virtual order converts the case.

4.   This approach is rational since it would allow the appointment of a Chapter 7 trustee, who could independently weigh in on the conversion issue if a party in interest objects.

5. As noted by the objecting party, concerns of "harm" which could occur to creditors pending a hearing do not exist where the debtor seeks to convert from Chapter 11 to Chapter 7, since the assets are then in the hands of an independent trustee. *In re Modern Metal Products Co.*, 422 B.R. 118, 122 (Bankr. N. D. Ill 2009).

6. Since an independent trustee will take over, allegations that the debtor filed bankruptcy for improper purposes is insufficient cause for dismissal under 11 USCS § 707; creditors of estate will not benefit by dismissal since trustee has significant powers and responsibilities to investigate all of alleged improprieties. *In re Beck Rumbaugh Associates, Inc. (1985, BC ED Pa) 49 BR 920.* 11 USCS § 707.

7. The objecting party's feigned surprise at the conversion is not well taken. The undersigned informed Mr. Weinberg on September 28, 2010 that the conversion was imminent. The time in the interim was spent attempting to make a last effort to find a settlement with Mr.

Chizzali. It is clear the objection filed was written even before the conversion notice was filed, and in anticipation.

      8. The objecting party's reference to the means test (and implying the Debtor may not qualify for Chapter 7) is not well taken. The Debtor had no consumer debt on the date of filing, and 84 Million in business debt.

      9. The undersigned consulted with the U.S. Trustee's Office prior to the conversion, as well as with other parties. The conversion is in the best interest of the creditors because:

      a.) No one, including this Debtor, can withstand the litigious onslaught brought on by Mr. Chizzali in this case. The sheer magnitude of the filings has rendered it impossible for this Debtor to propose a Plan that could pay the administrative fees of continuing to litigate at this pace.

      b.) The undersigned counsel (as was disclosed to Mr. Weinberg in September) cannot continue to represent the Debtor due to her health. She was diagnosed with Graves disease (brought on by stress) in late June and has undergone radioactive iodine therapy over the summer. She is not capable of continuing to represent the Debtor in light of the perseverance of Mr. Chizzali's counsel. Debtor cannot afford substitute counsel, who would require a retainer.

      c.) There is no such thing as an involuntary individual Chapter 11—it would transgress the Constitution of the United States, which does not allow for involuntary servitude.

      d.) The Debtor is no longer able to present a plan of reorganization given the delay that has occurred in this case (which was in no way the fault of the Debtor). The asset sale and settlements have fallen apart.

      e.) There are assets still to be administered. Given Mr. Chizzali's constant accusations of improper motive attributed to the Debtor, the appointment of a Chapter 7 trustee is the perfect solution. Such a person will be immune from the personal attacks which accompany all of the filings made by Mr. Chizzali's counsel, and some headway can be made on liquidating the assets which do exist.

      f.) Mr. Chizzali is a very small percentage of the creditors and dismissing the case would allow him to access assets which should be made available to the creditor pool. In fact, Mr. Chizzali, due to the nature of his claim, is a subordinate claimant.

9. The Debtor and the undersigned apologize for the timing of the conversion; however, it was promulgated in part by rulings which have recently come through this Court (on the Relief from Stay matters which made findings which put the Debtor in a conflicted position vis-à-vis his wife and the earlier proposed Settlement—another reason for an independent person to review the asset situation); and better now than after a Court makes determinations with regard to which a Chapter 7 trustee may wish to take a stand.

WHEREFORE, it is requested that the Court re-instate the Order of Conversion and that, if an interested party wishes to file a timely objection, it be done through the proper means and methods, including compliance with Local Rules.

Dated: October 20, 2010                     Respectfully submitted,

 /s/Cynthia T. Kennedy
Cynthia T. Kennedy, #11668
Kennedy Law Firm
308 ½ E. Simpson Street
Lafayette, CO  80026
(303) 604-1600
email: ctk@kennedylawyer.com
Attorney for Jack Gindi

Certificate of Service

I hereby certify that, on the 20th day of October, 2010, I did place a true and correct copy of the foregoing pleading in the United States Mail, first class postage pre-paid and addressed as follows:

Alison Goldenberg, Esq.
U.S. Trustee's Office
999 18th Street
Suite 1551
Denver, CO 80202-2415

Gregory L. Williams, Esq.
Block Markus & Williams LLC
1700 Lincoln
Suite 4000
Denver, CO 80203-4540

Harvey Sender, Esq.
1660 Lincoln Street
Ste 2200
Denver, CO 80264-2202

Karen J. Radakovich, Esq.
Joseph A. Cope, Esq.
Frascona, Joiner, et al.
4750 Table Mesa Dr.
Boulder, CO 80305-5541

G.W. Merrick & Assoc., LLC
5445 DTC Parkway, Suite 912
Greenwood Village, CO 80111-3054

Craig Weinberg, Esq.
Andrew C. Littman, Esq.
Stevens, Littman, et al.
250 Arapahoe, Ste 301
Boulder, CO 80302-5838

Joe Reece, Esq.
P.O. Box 6670
Denver, CO 80206-0670

Nancy Miller, Esq.
633 17th Street
Suite 2200

Denver, CO 80202-3661

Rene Lastreto
5200 North Palm, Ste 401
Fresno, CA 93704-2227

Jeff & Debbie Maurer
35065 N. 39th Place
Cave Creek, AZ 85331-9526

Tracy L. Ashmore, Esq.
Holme Roberts & Owen, LLLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203-4541

Fenton A. Bain, Esq.
3002 Bluff Street
Boulder, CO 80301-2104

Brownstein, Hyatt, Farber, Schreck, LLP
410 Seventeenth Street, Ste 2200
Denver, CO 80202-4432

Holly Shilliday, Esq.
1200 17th Street
Suite 1900
Denver, CO 80202-5854

/s/ Cynthia T. Kennedy